**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**FELICIA JOHNSON**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**FIORELLA INSURANCE AGENCY, INC.**
    Defendant.
_____/

CASE NO.:

**CLASS ACTION**
**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

1. Plaintiff Felicia Johnson brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendant, Fiorella Insurance Agency, Inc. in contacting Plaintiff on her cellular telephone without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. "Consumer complaints about abuses of telephone technology– for example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 *et seq.* Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744, 181 L.Ed.2d 881 (2012). (internal citations omitted).

3. "Robocalls" are the top consumer complaint in America. In 2016, there were nearly four million complaints reported to the Federal Communication Commission and Federal Trade Commission concerning robocalls.[1] In 2015 and 2014 the robocall complaints reached 2,636,477

---

[1] https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2016/dnc_data_book_fy_2016_post.pdf., https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-

and 1,949,603, respectively.[2] It is important to recognize these numbers account for only the individuals who complained to these agencies. The number of people that have been victimized by robocalling abuse could be close to 100,000,000 in the last 3 years.

4. The TCPA was enacted to prevent companies like Fiorella from invading American citizens' privacy and prevent illegal robocalls.

5. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

6. According to findings by the Federal Communication Commission ("FCC")—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

---

Complaints-Data-Unwanted-Calls/vakf-fz8e (3,857,627 complaints to the FCC and FTC regarding robocalls)(last visited September 26, 2017).
[2] https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2015/dncdatabookfy2015.pdf.; https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e;
https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.,
https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2014/dncdatabookfy2014.pdf

7. Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this class action lawsuit under 28 U.S.C. §1331 and 47 U.S.C. §227. Venue in this District is proper because Fiorella maintains and conducts business within this District and Plaintiff received the unlawful robocalls from Fiorella within this District.

## PARTIES

9. Plaintiff, Felicia Johnson is a natural person, and citizen of the State of Florida, residing in Jacksonville, Florida

10. Defendant, Fiorella Insurance Agency, Inc. is a Florida-based insurance agency conducting business in Florida and across the country. Defendant will be served through its registered agent, Evelyn F. Bassion, at 2300 SE Monterey Road, Suite 200, Stuart, FL 34996.

## THE TELEPHONE CONSUMER PROTECTION ACT

11. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of §227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.

15. The TCPA prohibits the use of any "automatic telephone dialing systems" ("ATDS") to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

16. ATDS means any equipment that has the "capacity to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

17. Plaintiff's cellular telephone number at all relevant times was XXX-XXX-2272 and was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

18. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. §153(39).

19. Plaintiff does not have insurance through Defendant and never provided Defendant direct consent to use its automatic dialing equipment to call her.

20. Yet, beginning in or around April 2019, Defendant began repeatedly calling Plaintiff on her cellular telephone in an attempt to sell her insurance.

21. Defendant called Plaintiff on her cell phone, approximately every day, sometimes twice a day.

22. Plaintiff repeatedly told Defendant to stop calling her and that she was being represented by an attorney but the calls continued.

23. Defendant's agents have even claimed to place Plaintiff on a "Do Not Call" list, but the calls have continued.

24. Defendant continued to place calls to Plaintiff's cellular telephone number using an ATDS.

25. Defendant placed calls to Plaintiff's cellular telephone on at least 20-30 occasions after her clear revocation of consent.

26. It is Defendant's business practice to call the telephone numbers of people who have told Defendant to stop calling and/or to be placed on a "Do Not Call" list.

27. Defendant knew that it did not have authorization to continue to call Plaintiff on Plaintiff's cellular telephone number using an ATDS as Plaintiff instructed Defendant to stop calling.

28. When Plaintiff answered the calls from Defendant, she heard a pause and a click prior to a live operator joining the line, which is indicia of an ATDS.

29. Further, when Defendant left voicemails for Plaintiff, the resulting message was computer generated – a clear example of an artificial or prerecorded voice under the statute.

30. In fact, Defendant has been sued in the past for using an ATDS to call non-customer's cellular telephones in this District and in the Southern District of Florida.

31. None of the calls that Defendant placed to Plaintiff's cellular telephone number constituted emergency calls as defined by the TCPA.

## CLASS ACTION ALLEGATIONS

32. This action is brought on behalf of the following Class:

    The Class:

    (1) All persons in the United States (2) to whose cellular telephone numbers (3) Defendant, Fiorella Insurance Agency, Inc. placed non-emergency telephone calls (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) within 4 years of the complaint (6) where Fiorella Insurance had consent revoked to call said cellular telephone numbers.

33. Excluded from the Class are Defendant, its legal representatives, assigns, and successors, and any entity in which the Defendant has a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned, the Judge's immediate family, and Plaintiff's counsel and their employees. Plaintiff reserves the right to amend the above-stated class definition based upon facts learned in discovery.

34. Plaintiff alleges on information and belief based upon the Defendant's use of telephone dialing systems that the Class are so numerous that joinder of all members is impracticable. There are more than forty (40) individuals in the Class as previously defined herein.

35. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual class members. Factual and/or legal issues common to each class member include:

    a.  Whether Defendant's conduct is governed by the TCPA?

    b.  Whether the telephone calls made by Defendant were placed using an ATDS?

      c.      Are the class members entitled to treble damages based upon the willfulness of Defendant's conduct?

      d.      Whether Defendant should be enjoined from engaging in such conduct in the future?

36. Plaintiff's claim is typical of those of the members of the Class. Within the Class, all claims are based on the same facts and legal theories.

37. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions. Neither Plaintiff nor her counsel has any interest that might cause them not to vigorously pursue this action.

38. Certification of each Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

      a.      The questions of law or fact common to the members of the Class and Sub-Class predominate over any questions affecting individual members.

      b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Certification of the Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

40. Plaintiff requests that the Class be certified under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

## COUNT I: NEGLIGENT VIOLATIONS OF THE TCPA

41. Plaintiff incorporates the above factual allegations in paragraphs 1 through 40.

42. Defendant placed non-emergency telephone calls to Plaintiff and the members of the Class using an automatic telephone dialing system or device that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

43. The calls were made without the prior express consent of the parties.

44. The calls were made following revocation of consent by the parties.

45. The aforesaid calls violate the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

46. WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the Class, and against Defendant Fiorella Insurance Agency, Inc. for:

   a. An order certifying this case to proceed as a class action;
   b. Statutory damages of $500 dollars per call for negligent violations of the TCPA;
   c. An injunction requiring Defendant to cease all communications in violation of the TCPA; and
   d. Such further relief as this Court may deem appropriate.

## COUNT II: WILLFUL VIOLATION OF THE TCPA

47. Plaintiff incorporates the above factual allegations.

48. Defendant placed non-emergency telephone calls to Plaintiff and the members of the Class using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

49. The excessive calls were made without the prior express consent of the parties.

50. The excessive calls were made not only after clear revocation but after Defendant's claims that the called parties were placed on a "Do Not Call" list.

51. The aforesaid calls violate the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

52. WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the Class and against Defendant Fiorella Insurance Agency, Inc. for:

    a. An order certifying this case to proceed as a class action;

    b. Statutory damages of up to $1,500 dollars per call for each willful violation of the TCPA;

    c. An injunction requiring Defendant to cease all communications in violation of the TCPA; and

    d. Such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted this 7th day of June, 2019,

/s/ Max Story_____
Max Story (Fl. Bar No. 0527238)
Austin J. Griffin (Fl. Bar No. 117740)
Max Story PA
328 2nd Avenue North
Jacksonville Beach, Florida 32250
(904) 372-4109
(904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
*Counsel for Plaintiff*